NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 90

Nos. 2021-118 & 2021-119

| | |
|---|---|
| State of Vermont | Supreme Court |
| v. | On Appeal from |
| | Superior Court, Franklin Unit, |
| A.P. | Criminal Division |
| State of Vermont | November Term, 2021 |
| v. | |
| Z.P. | |

Michael S. Kupersmith, J. (Ret.)

Thomas J. Donovan, Attorney General, and Ultan Doyle, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

Ian P. Carleton and Sarah J. Heim of Sheehey Furlong & Behm P.C., Burlington, for Defendants-Appellants.

PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Treadwell, Supr. J., Specially Assigned

¶ 1.    **REIBER, C.J.**   In these consolidated appeals, defendants A.P. and Z.P. challenge the superior court's denial of their motions for expungement.  They argue that the court erred by interpreting 13 V.S.A. § 7603(g) to provide an avenue for expungement only to individuals who have been arrested or cited but not charged with criminal offenses by information or indictment. We agree, and reverse and remand.

¶ 2.    On April 20, 2020, the Franklin County State's Attorney charged A.P. and Z.P. with several felony counts arising from an alleged assault and kidnapping.  The State's Attorney

also filed a juvenile petition charging Z.P. with two counts of sexual assault; these charges were transferred to the criminal division. On June 8, the Attorney General's Office (hereinafter the State) took over prosecution of all three cases.

¶ 3. The State subsequently determined that it could not prove the charges against defendants beyond a reasonable doubt and dismissed all charges without prejudice on December 30, 2020. On January 19, 2021, Z.P. filed a motion to seal his arrest record and any records relating to the arrest and subsequent dismissal of charges. See 13 V.S.A. § 7603(a) (providing that unless party objects in interests of justice, court shall order sealing of criminal history record related to citation or arrest within sixty days of final disposition of case if court does not find probable cause at arraignment or charge dismissed without prejudice, or at any time if parties so stipulate). A.P. likewise filed a motion to seal on January 27. The State did not oppose the sealing motions. The superior court ordered the records sealed on January 28.[1]

¶ 4. During that same period, the State had received two public records requests seeking materials relating to defendants' cases—one from Vermont Public Radio (VPR) filed on January 4, 2021, and one from VTDigger filed on January 21. The State redacted identifying information from VPR's requested materials and was awaiting payment of copying costs to release the redacted documents to VPR, and was estimating the cost of responding to VTDigger's request. Both requests were pending at the time that the superior court sealed the records on January 28.

¶ 5. On January 29, one day after the superior court ordered the records sealed, the State filed motions with the court asking it to reconsider the sealing orders. The State asked for a delay in sealing within the sixty-day timeframe under § 7603(a) so that it could comply with the outstanding public records requests. The superior court denied these motions, explaining that the

---

[1] In two of the dockets, the sealing orders appear to show that in one place the court checked the box indicating expungement under § 7603(e) while otherwise clearly ordering the record sealed. Neither party argues that the court ordered expungement, so we interpret these orders to seal but not expunge the records.

matters had been sealed and no request to delay had been received before the court issued the sealing orders.

¶ 6.    Subsequently, defendants filed motions under § 7603(g) to expunge all records relating to the charges.  See 13 V.S.A. § 7603(g) (permitting person to file petition requesting expungement of criminal history record at any time and directing court to order expungement if in interests of justice or if parties so stipulate).

¶ 7.    The State opposed these motions, primarily based on the outstanding public records request.  The State indicated that it was "not opposed to the eventual expungement" of the records but wanted a court to determine whether it was required to disclose the requested records before they were expunged.[2]  The State explained that it had recently denied VTDigger's public records request for these cases, and VTDigger intended to appeal that denial to the civil division of the Washington Superior Court.  See 1 V.S.A. § 319 (permitting appeal from denial of public records request to civil division).  Until the court resolved that dispute, the State maintained that expungement was not in the interests of justice.

¶ 8.    The superior court denied the expungement motions.  It explained that the charges were dismissed without prejudice prior to trial and were therefore properly sealed under 13 V.S.A. § 7603(a) but ineligible for expungement under § 7603(e).  See 13 V.S.A. § 7603(e) (providing that unless party objects in interests of justice, court shall order expungement of criminal history record related to citation or arrest within sixty days of final disposition of case if defendant acquitted or charge dismissed with prejudice, or at any time that parties so stipulate).

¶ 9.    Defendants filed motions asking the court to reconsider its denial.  Because the State dismissed the charges without prejudice and did not stipulate to expungement, defendants

_____

    [2]  As to the sexual assault charges, the State additionally opposed expungement because it had dismissed these charges without prejudice "so that they could possibly be refiled in the future," and argued on this basis that expungement of these charges was not in the interests of justice.

3

conceded that expungement was inappropriate under § 7603(e) but clarified that they moved for expungement under § 7603(g). Subsection (g) is broader than subsection (e), they argued, as it provides for expungement "at any time" if the court finds that "expunging the record serves the interests of justice." Id. § 7603(g). Moreover, they contended that because the State opposed expungement, § 7603(b) required the court to hold a hearing before it could rule on the motion. See id. § 7603(b) ("If a party objects to . . . expunging a record pursuant to this section, the court shall schedule a hearing to determine if . . . expunging the record serves the interests of justice.").

¶ 10.     The superior court denied defendants' motions for reconsideration. It concluded that § 7603(g) "applies if the only criminal history record in a criminal proceeding is arrest or citation" and "no prosecution follows, [so] no indictment or information is filed." If an indictment or information is filed, the court stated that other provisions of § 7603 may apply. The court reasoned that if defendants' reading of the statute was correct, then "[e]very criminal case would be eligible for expungement," rendering superfluous other provisions in § 7603 providing for expungement or sealing. And because the court concluded that the records were ineligible for expungement, it determined that defendants were not entitled to a hearing under § 7603(b).

¶ 11.     Defendants appealed,[3] arguing that the superior court erroneously interpreted § 7603(g). They maintain that the court's interpretation contravenes the plain language of the statute, which permits an individual who has been charged but not convicted of a crime to petition for sealing or expungement "at any time." 13 V.S.A. § 7603(g). Further, they contend that the legislative history shows the Legislature's intent to provide an avenue for sealing or expungement at any time. The State agrees with defendants' argument and concedes that the superior court erred.

---

[3] We granted defendants' stipulated motion to consolidate their appeals.

¶ 12.   Statutory interpretation is a question of law that we review de novo. State v. Berard, 2019 VT 65, ¶ 7, 211 Vt. 39, 220 A.3d 759.  The touchstone of this inquiry is legislative intent. Id. ¶ 12.  "If the intent of the Legislature is apparent on the face of the statute because the plain language of the statute is clear and unambiguous, we implement the statute according to that plain language." Flint v. Dep't of Lab., 2017 VT 89, ¶ 5, 205 Vt. 558, 177 A.3d 1080.  We do not read statutory language in isolation; we read and construe together "the whole and every part of the statute, together with other statutes standing in pari materia with it, as parts of a unified statutory system." Berard, 2019 VT 65, ¶ 12 (quotation omitted).

¶ 13.   Section 7603(g) provides:

> A person may file a petition with the court requesting sealing or expungement of a criminal history record related to the citation or arrest of the person at any time.  The court shall grant the petition and issue an order sealing or expunging the record if it finds that sealing or expunging the record serves the interests of justice, or if the parties stipulate to sealing or expungement of the record.

13 V.S.A. § 7603(g).  The statute defines "[c]riminal history record" as "all information documenting an individual's contact with the criminal justice system, including data regarding identification, arrest or citation, arraignment, judicial disposition, custody, and supervision." Id. § 7601(2).

¶ 14.   We conclude that the plain language of § 7603(g) entitles any person who has been charged but not convicted of a crime to file a petition for expungement at any time.  The statute expressly provides that a person may petition for sealing or expungement "at any time." Id. § 7603(g).  It contains no qualifying language either limiting eligibility under that subsection to persons who were arrested or cited for a crime but never charged or indicating that a person may only file a petition under that subsection after they are arrested or cited and before they are charged.

¶ 15.   By its terms, the statute defines the record eligible for expungement as the person's "criminal history record related to the citation or arrest." Id.  We cannot conclude that this

5

language means that a person may only file a petition for sealing or expungement under § 7603(g) if they have been arrested or cited for a crime, but not charged. The statute defines "criminal history record" as "all information documenting an individual's contact with the criminal justice system," which could include numerous arrests, charges, or convictions. Id. § 7601(2). Consequently, the language in § 7603(g) limiting sealing or expungement to the record related to a citation or arrest ensures that if a court grants the petition, only the portions of the person's record related to that particular citation or arrest are sealed or expunged. And plainly, charges filed against a person in connection with an arrest or citation are related to that arrest or citation. See Related, Black's Law Dictionary (11th ed. 2019) (defining related as "[c]onnected in some way; having some relationship to or with something else").

¶ 16. Further, when read in context with the other provisions in § 7603 and chapter 230 as a whole, it is clear that this language applies to all records generated from an arrest or citation that does not result in conviction. The disputed language is not unique to § 7603(g); two other provisions in § 7603 providing for sealing or expungement use the same phrase. Section 7603(a) directs the court to "issue an order sealing the criminal history record related to the citation or arrest of a person" under certain circumstances. Id. § 7603(a). Likewise, § 7603(e) directs the court to "issue an order expunging a criminal history record related to the citation or arrest of a person" under certain circumstances. Id. § 7603(e). The superior court here indicated that although § 7603(g) did not apply when an information or indictment has been filed, "other subsections of section 7603 may apply." But if we adopted the superior court's interpretation of § 7603(g), a person would also be ineligible for sealing or expungement under subsections (a) and (e) if an information or indictment has been filed. See Baldauf v. Vt. State Treasurer, 2021 VT 29, ¶ 19, __ Vt. __, 255 A.3d 731 (explaining that we interpret subsections of statute in harmony and presume Legislature chooses statutory language intentionally). Given the plain language of

6

the statute, we cannot conclude that the Legislature intended § 7603 to apply in such narrow circumstances.

¶ 17.    Moreover, § 7603(g) is part of chapter 230 of Title 13, which provides for the expungement and sealing of criminal history records.  See 13 V.S.A. ch. 230.  Under this chapter, three sections allow for sealing or expungement under different circumstances: § 7602, titled: "Expungement and sealing of record, postconviction; procedure;" § 7603, titled: "Expungement and sealing of record, no conviction; procedure;" and § 7609, titled: "Expungement of criminal history records of an individual 18-21 years of age."  Rather than distinguishing between arrest or citation and prosecution, the section titles distinguish between conviction and no conviction, and between individuals based on their age.  This further indicates that the Legislature intended § 7603 to apply in instances where a person is charged with a crime but not convicted.  See Weale v. Lund, 2006 VT 66, ¶ 8, 180 Vt. 551, 904 A.2d 1191 (mem.) ("We consider the title in construing a statute.").

¶ 18.    This interpretation effectuates the Legislature's intent that any person charged with a crime be potentially eligible for expungement.  However, a court can only order expungement under this provision if it finds that expungement serves the interests of justice or if the parties stipulate to expungement.  See 13 V.S.A. § 7603(g).  Moreover, as defendants note, if a court denies a petition for expungement filed under chapter 230, the person cannot file another expungement petition for at least two years unless the court authorizes a shorter period.  Id. § 7605.  Under these provisions, the Legislature sought to ensure that expungement is only granted in appropriate situations and that expungement petitions do not overwhelm the courts.

¶ 19.    Contrary to the superior court's conclusion, this interpretation does not render superfluous the other provisions in § 7603.  As we explained, § 7603(a) and (e) direct the court to issue sealing or expungement orders under certain circumstances.  Supra, ¶ 16.  Similarly, § 7603(f) directs the court to "issue an order to expunge a record sealed pursuant to subsection (a)

7

or (g) of this section eight years after the date on which the record was sealed." 13 V.S.A. § 7603(f). In part, these subsections provide a mechanism for automatic sealing or expungement at a certain point—within sixty days of final disposition under § 7603(a)(1) and (e)(1), and after eight years under § 7603(f). It is true that subsections (a) and (e) also permit the prosecuting attorney and defendant to file a stipulated petition at any time to seal or expunge a record. However, subsection (g) differs because it entitles a defendant to file a petition for expungement at any time and permits a court to order expungement, even over the prosecuting attorney's objection, if it concludes that "sealing or expunging the record serves the interests of justice." Id. § 7603(g). Accordingly, § 7603(g) creates a distinct avenue for expungement and does not render superfluous other provisions in the statute.

Reversed and remanded for the superior court to hold a hearing under 13 V.S.A. § 7603(b) to determine if expunging defendants' criminal history records related to arrest or citation will serve the interests of justice.

FOR THE COURT:

_____

Chief Justice