NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 40

No. 2021-179

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit & |
| | Windsor Unit, Criminal Divisions |
| | |
| E.C. | June Term, 2022 |

John R. Treadwell, J. (Windham); Elizabeth D. Mann, J. (Windsor)

Evan Meenan, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Cabot Teachout of DesMeules, Olmstead & Ostler, Norwich, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Cohen and Waples, JJ., and Mello, Supr. J., Specially Assigned

¶ 1. **REIBER, C.J.** In this consolidated appeal, petitioner E.C. challenges two trial court orders denying his requests to expunge his criminal-history records. We conclude that his petitions were properly denied under the governing law and therefore affirm but remand for the Windham criminal division to expunge any of petitioner's convictions eligible under 2019, No. 167 (Adj. Sess.), § 31.

¶ 2. Petitioner's criminal-history records include several felony and misdemeanor convictions, as well as several charges that were dismissed before trial. In 2020, petitioner filed petitions in the Windham and Windsor criminal divisions seeking to seal or expunge his records, asserting that relief could be granted under various statutory provisions.

¶ 3. As relevant to this appeal, petitioner sought expungement on two grounds in the Windham criminal division.[1] First, he argued that his dismissed charges should be expunged under 13 V.S.A. § 7603(e)(1)(B), which directs a court to expunge a record "related to the citation or arrest of a person . . . within 60 days after the final disposition of the case if . . . the charge is dismissed with prejudice," unless a party objects in the interests of justice. Petitioner explained that the three-year statute of limitations had expired for each of his dismissed charges, and that the dismissals therefore were with prejudice by operation of the statute and thus were eligible for expungement under § 7603(e)(1)(B).

¶ 4. Second, he argued that his convictions for offenses committed when he was seventeen years old, including misdemeanor possession of marijuana, should be expunged under 13 V.S.A. § 7602(a)(1)(B), which permits a person to request expungement if they were "convicted of an offense for which the underlying conduct is no longer prohibited by law or designated as a criminal offense." Petitioner noted that the Legislature had amended the marijuana-possession laws to make possession a civil penalty if it involves less than one ounce of marijuana by a person between sixteen and twenty-one years old. See 18 V.S.A. § 4230b(a). He also noted that the Legislature amended the superior court's jurisdiction to provide that proceedings against persons under eighteen years of age must be filed as delinquent acts in the family division and are therefore no longer criminal offenses under the law. See 33 V.S.A. § 5203. Accordingly, he argued that these offenses are no longer designated as criminal and were therefore eligible for expungement under 13 V.S.A. § 7602(a)(1)(B). The State filed an objection to expungement.

¶ 5. The Windham criminal division rejected petitioner's claims for expungement under 13 V.S.A. § 7603(e)(1)(B) because it concluded that provision did not operate retroactively to

---

[1] Petitioner also sought expungement under 13 V.S.A. § 7602(a)(1)(A) and (c) and sealing under 33 V.S.A. § 5119(g) in the Windham criminal division. Petitioner does not challenge the court's conclusions under these statutes.

2

reach charges dismissed before it took effect. The court also rejected petitioner's argument that some of his convictions qualified for expungement under 13 V.S.A. § 7602(a)(1)(B), relying on State v. Turner, 2021 VT 30, ¶ 13, __ Vt. __, 254 A.3d 204. The court, however, granted petitioner's request for sealing in multiple dockets under 33 V.S.A. § 5119.

¶ 6. In the Windsor criminal division, petitioner only sought expungement under 13 V.S.A. § 7603(e)(1)(B), again arguing that his charges dismissed without prejudice were eligible for expungement because the limitations period had expired. The State filed an objection. Unlike the Windham criminal division, the Windsor criminal division did not consider whether § 7603(e) applied retroactively. Instead, it reasoned that § 7603(e) did not apply because petitioner's charges were dismissed without prejudice. Even if the dismissals had been with prejudice, the court explained, the State's objection would have blocked expungement. Accordingly, the court rejected the petition.

¶ 7. Petitioner appealed both orders, and we granted the motion to consolidate the appeals for review. Petitioner also sought to seal the appellate record. The State did not object to petitioner's request. A single Justice held a hearing under Vermont Rule for Public Access to Court Records 9(a). The Court granted the request to seal the record temporarily, pending decision on the merits of the appeal.

¶ 8. On appeal, petitioner argues that his convictions are eligible for expungement under 13 V.S.A. § 7602(a)(1)(B) notwithstanding our interpretation in Turner because, in his view, there is clear legislative intent in Title 33 to "treat the juvenile behavior of minors differently from the criminal acts of adults." He also argues that the courts misconstrued 13 V.S.A. § 7603(e), contending that: (1) the statute applies retroactively to reach his dismissals; (2) his dismissals operated as dismissals with prejudice as a matter of law because the statute of limitations for each charge has elapsed; and (3) the State cannot unilaterally block a petition for expungement by objecting.

3

¶ 9.    This appeal raises questions of statutory interpretation, which we review de novo. Turner, 2021 VT 30, ¶ 5.  In interpreting a statute, our goal is to "identify and implement the Legislature's intent." State v. Hinton, 2020 VT 68, ¶ 11, 213 Vt. 1, 239 A.3d 246.  "We start with the plain language of the statute, and if the meaning is clear, we will enforce it according to its terms."  State v. Richland, 2015 VT 126, ¶ 6, 200 Vt. 401, 132 A.3d 702.  If the language is ambiguous, "we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law."  State v. Berard, 2019 VT 65, ¶ 12, 211 Vt. 39, 220 A.3d 759.  We discuss each order in turn.

I.  Windham Criminal Division Order

A.  13 V.S.A. § 7602

¶ 10.    We first address petitioner's argument that his convictions are eligible for expungement under 13 V.S.A. § 7602(a)(1)(B).  Section 7602(a)(1)(B) permits a person to file a petition requesting expungement of a conviction if "the person was convicted of an offense for which the underlying conduct is no longer prohibited by law or designated as a criminal offense."

¶ 11.    In Turner, this Court interpreted § 7602(a)(1)(B) to permit expungement of an offense where the underlying conduct has been both legalized and decriminalized.  2021 VT 30, ¶ 13.  In so holding, we acknowledged that the statutory language was ambiguous because both the defendant and the State urged interpretations that rendered one of the clauses superfluous. Id. ¶ 9.  Accordingly, we turned to the plain language of the statute and reasoned that while "or" commonly means "one thing or another," "it is also used after a negative verb to mean one thing and also not another."  Id. ¶ 12 (quotation omitted).  Because the ambiguous clauses in § 7602(a)(1)(B) followed the negative phrase "no longer," we concluded that the statute only permits expungement "when the underlying conduct is both no longer prohibited by law and no longer designated as a criminal offense."  Id. ¶ 13.

4

¶ 12.    Petitioner argues that when applied in the juvenile context, § 7602(a)(1)(B) is no longer ambiguous because the provisions of Title 33 governing juvenile proceedings unambiguously assert that the conduct of minors should not result in criminal records that carry into adulthood.  See, e.g., 33 V.S.A. § 5101(a)(2) (providing that juvenile proceedings shall be construed in accordance with purpose of "remov[ing] from children committing delinquent acts the taint of criminality and the consequences of criminal behavior"); id. § 5101a(a) (finding and declaring as public policy that "an effective juvenile justice system . . . when appropriate, shields youths from the adverse impact of a criminal record").  He argues that the juvenile statutes have been amended to provide that an offense committed by a child between the ages of fourteen and seventeen is to be adjudicated by the family division as a delinquent act, id. § 5103(a), and any finding of delinquency "shall not . . . be deemed a conviction of a crime," id. § 5202(a)(1)(A).  In essence, he argues that when the conduct underlying a criminal conviction involved the act of a minor, § 7602(a)(1)(B) must be construed in light of the juvenile provisions in Title 33.

¶ 13.    Our holding in Turner forecloses this outcome.  Although petitioner's conduct when he was a minor would now be considered a delinquent act and therefore no longer criminal, delinquent acts are still prohibited by law and are adjudicated by the family division.  See 33 V.S.A. § 5102(9) (defining "delinquent act" as "an act designated a crime under the laws of this State, or of another state if the act occurred in another state, or under federal law); id. § 5103(a) (vesting jurisdiction over delinquent children to family division).  Because delinquent acts are prohibited by law, petitioner's convictions are not eligible for expungement under § 7602(a)(1)(B). See Turner, 2021 VT 30, ¶ 13.

¶ 14.    Nothing in § 7602(a)(1)(B) indicates that its terms apply differently in the context of a conviction for an offense committed when the person was a minor.  Indeed, though the Legislature declared that an effective juvenile-justice system "shields youths from the adverse impact of a criminal record," it cabined that policy to "when appropriate."  33 V.S.A. § 5101a(a).

5

Nor is there any specific provision providing for expungement in the juvenile-proceedings chapter that supersedes § 7602(a)(1)(B). See id. § 5101(b) (providing that juvenile statutes supersede inconsistent criminal provisions). Accordingly, nothing in Title 33 is inconsistent with our conclusion that expungement under § 7602(a)(1)(B) is only available when the conduct underlying the offense has been legalized and decriminalized. Absent any language in § 7602 indicating that its terms should apply differently to offenses committed by minors, or any superseding provision in Title 33, we cannot conclude that § 7602(a)(1)(B) applies differently in the context of offenses committed by a minor.

¶ 15. Petitioner maintains that this interpretation creates an absurd result. He notes that while the juvenile statutes provide for sealing of juvenile records, see 33 V.S.A. § 5119, and for expungement of youthful-offender records, see id. § 5287(d), the juvenile statutes do not provide a mechanism for expungement of juvenile-offense records. He further notes that the Legislature has "attempted to fill this hole" by providing for expungement of convictions of persons who were eighteen to twenty-one years old. See 13 V.S.A. § 7609(a). Petitioner explains that his convictions do not qualify for expungement under § 7609 because he was seventeen at the time he committed the offenses, and he argues that it would be absurd if he could expunge a conviction from when he was eighteen years old but not a similar conviction from when he was seventeen. He maintains that if expungement under § 7602(a)(1)(B) applied to his convictions, the law would "provide equal relief to youths across the adolescent age spectrum."

¶ 16. This argument does not aid petitioner because § 7609 is akin to § 7602(a)(1)(A), as both provisions only permit expungement of qualifying crimes. See 13 V.S.A. § 7601(4) (defining "qualifying crime"). Section 7609(a) directs the court to expunge "the record of the criminal proceedings for an individual who was 18-21 years of age at the time the individual committed a qualifying crime" within thirty days after the person successfully completes the terms and conditions of the sentence, unless the court finds good cause not to expunge the record. By

contrast, § 7602(a)(1)(A)—which is not age-restricted—permits a person to petition for expungement of a qualifying crime. The statute lays out several additional conditions that any petition filed under § 7602(a) must meet for the court to grant expungement. See id. § 7602(b)(1), (c)(1). The different procedure laid out in § 7609(a) reflects the Legislature's judgment that qualifying crimes committed by young adults should be relatively easier to expunge. As relevant to this appeal, petitioner sought expungement under § 7602(a)(1)(B) on the basis that the offenses committed while he was a minor are no longer criminal, not under § 7602(a)(1)(A) on the basis that his offenses are qualifying crimes. Thus, his argument that § 7602(a)(1)(B) should create a coherent scheme with § 7609 is unavailing.

### B. 13 V.S.A. § 7603(e)

¶ 17. We turn next to petitioner's argument that his dismissed charges are eligible for expungement under § 7603(e)(1) because that statute applies retroactively. We begin by summarizing the enactment of § 7603 and its subsequent amendments.

¶ 18. Section 7603 was enacted in 2012. 2011, No. 131 (Adj. Sess.), § 1. It generally provided for expungement or sealing of a criminal-history record related to a citation or arrest for a qualifying crime that did not result in a conviction. In relevant part, the statute permitted a person "who was cited or arrested for a qualifying crime" to file a petition seeking expungement of a record if the charge was dismissed before trial with prejudice, or without prejudice and the statute of limitations had expired. Id.

¶ 19. In 2018, the Legislature significantly amended § 7603. See 2017, No. 178 (Adj. Sess.), § 2. The 2018 amendment removed the language limiting expungement under this section to charges of qualifying crimes, making any charge eligible. Additionally, the amended language created triggering events after which the court was directed to automatically seal or expunge the record, rather than requiring a person to file a petition. See State v. A.P., 2021 VT 90, ¶ 19, __ Vt. __, 268 A.3d 58 (recognizing that § 7603(e) provides mechanism for automatic expungement).

7

The amended language provided, in relevant part: "Unless either party objects in the interest of justice, the court shall issue an order expunging a criminal history record related to the citation or arrest of a person . . . not more than 45 days after . . . dismissal if the charge is dismissed with prejudice before trial." 2017, No. 178 (Adj. Sess.), § 2.

¶ 20. In 2019, the Legislature again amended § 7603 to alter the period of time in which the court is directed to expunge a record. See 2019, No. 32, § 4. In current form, the statute provides: "Unless either party objects in the interests of justice, the court shall issue an order expunging a criminal history record related to the citation or arrest of a person . . . within 60 days after final disposition of the case if . . . the charge is dismissed with prejudice." 13 V.S.A. § 7603(e)(1)(B).

¶ 21. The question presented in this appeal is whether § 7603(e)(1) applies retroactively to dismissals that occurred before enactment of the amendment codifying this language. "Vermont statutory law and case law normally prohibit retroactive application of new and amended statutes." Agency of Nat. Res. v. Towns, 173 Vt. 552, 555, 790 A.2d 450, 455 (2001) (mem.). Pursuant to 1 V.S.A. § 214(b)(1) and (2), a statutory amendment shall not affect "the operation of the act or provision prior to the effective date of the amendment," or "any right, privilege, obligation, or liability acquired, accrued, or incurred prior to the effective date of the amendment."[2] However, "there is an exception for statutes that are solely procedural or are remedial in nature." Smiley v. State, 2015 VT 42, ¶ 17, 198 Vt. 529, 117 A.3d 441 (quotation omitted). Such statutes may apply retroactively unless there is clear language "manifesting a contrary intent." Id. (quoting 2 N. Singer & J. Singer, Statutes and Statutory Construction, § 41.4, at 431-32 (7th ed. 2009)).

_____

[2] Petitioner argues that 1 V.S.A. § 214 does not apply, contending that Act 178 created a new right of expungement, rather than amending or repealing a statute. We disagree. The statutory right to expungement in 13 V.S.A. § 7603 was enacted by Act 131 in 2012. Act 178 amended § 7603, so 1 V.S.A. § 214 governs retroactivity. The parties also dispute whether 1 V.S.A. § 213 applies. Section 213, however, "applies only to new enactments and not to amendments, which are governed by 1 V.S.A. § 214." Sanz v. Douglas Collins Constr., 2006 VT 102, ¶ 14, 180 Vt. 619, 910 A.2d 914 (mem.).

¶ 22. Assuming without deciding that § 7603 is a remedial statute or that the 2018 and 2019 amendments are procedural, the plain language in subsection (e)(1) is inconsistent with retroactive application. Section 7603(e)(1) directs the court to expunge an eligible record "within 60 days after" dismissal with prejudice or acquittal. By providing that the court must expunge a record within a specific time after a triggering event occurs, the plain language is inherently forward looking. Under this provision, there is no clear way for a court to comply with this time limit to expunge a charge that was dismissed or acquitted before the effective date of the amendment. Accordingly, we conclude that § 7603(e)(1) does not apply retroactively to reach cases that resulted in acquittal or dismissal before the statutory amendment took effect.[3]

¶ 23. Petitioner contends that the purpose of the expungement statute is to reach past charges that have been acquitted or dismissed, so it would be absurd to conclude that the statute does not apply retroactively. Petitioner further suggests that, as the result of inartful drafting, there are several statutory provisions that are "not congruent if read too narrowly." He notes that § 7603(e)(1) does not authorize a person to file a petition to seek expungement and does not require the court to provide notice of intent to expunge, as compared to other provisions. Cf. 13 V.S.A. § 7603(g) (permitting person to file petition requesting sealing or expungement); id. § 7603(h) (requiring court to provide thirty-days' notice to State of intent to expunge record sealed before July 1, 2018). He argues that, read in context, the Legislature must have contemplated a mechanism for petition and notice under § 7603(e) even though it did not expressly provide one. By the same token, he argues that § 7603(e) authorizes the court to retroactively expunge cases that resulted in dismissal or acquittal prior to the amendment's effective date, even though the statute only expressly provides for prospective application.

---

[3] Petitioner argues that a strict interpretation of § 7603(e)(1) would result in a de facto sixty-day statute of limitations on expungement for eligible cases. In concluding that this provision does not apply retroactively, we make no judgment regarding to the prospective application of the sixty-day period.

¶ 24.    When read in isolation, we acknowledge that the language in subsection (e) may appear to create an absurd result.  By their nature, expungement laws are intended to reach prior criminal-history records and relieve individuals from the stigma those records carry.  See State v. Arellano, 801 S.W.2d 128, 132 (Tx. Crim. App. 1990) (concluding that statute was intended to expunge records of wrongful arrests and subsequent indictments to ensure individuals were not "burdened with an arrest record for the rest of their lives," and was therefore remedial and applied retroactively).

¶ 25.    However, when read in context with the rest of § 7603, it is clear that the Legislature created a scheme that reaches records of cases that resulted in dismissal or acquittal before the amendment took effect.  See Berard, 2019 VT 65, ¶ 12 (explaining that we construe statutory provisions in context of entire statute as part of unified system).  The path for such records is through § 7603(g), which provides that a person may file a petition to expunge a criminal-history record related to citation or arrest "at any time," and directs the court to grant the petition if the parties stipulate to expungement; if the State objects, the court may expunge the records if it finds that expungement serves the interest of justice.  We have explained that this provision is not time limited, and its reach is coextensive with the records eligible for expungement under subsection (e).  State v. A.P., 2021 VT 90, ¶ 16.

¶ 26.    Thus, we reject petitioner's argument that prospective application of § 7603(e)(1) renders the statute incoherent.  When § 7603 is read as a whole, the two provisions reach charges from two distinct time frames: subsection (e) applies to records from charges resulting in acquittal or dismissal after the amendment took effect, while subsection (g) reaches charges resulting in acquittal or dismissal that occurred before the amendment took effect.  The differing processes set forth in these provisions underscores this conclusion.  Section 7603(e)(1) directs the court to act automatically without requiring a petition to be filed, whereas § 7603(g) requires the person to file a petition.  This makes sense: when applied prospectively, the court, the defendant, and the State

10

are present for the triggering event and have notice that the sixty-day time frame for expungement has begun, so it is not necessary for a petition to be filed.[4] It follows that records of charges dismissed before the 2018 amendment took effect may only be expunged upon petition under § 7603(g), as the petition gives the court and the State notice that expungement is sought and allows the State to stipulate or to object, in which case the court must determine whether expungement serves the interests of justice. This process is consistent with retroactive application and permits a court to expunge cases that resulted in dismissal with prejudice or acquittal prior to the amendment's effective date.

¶ 27. In sum, we conclude that the Windham criminal division correctly determined that petitioner's convictions were ineligible for expungement under 13 V.S.A. § 7602(a)(1)(B) and that his dismissed charges were ineligible for expungement under 13 V.S.A. § 7603(e)(1)(B). Accordingly, we affirm the Windham court's order.

## II. Windsor Criminal Division Order

¶ 28. We thus turn to the order of the Windsor criminal division. In this petition, petitioner only sought expungement of dismissed charges pursuant to 13 V.S.A. § 7603(e)(1)(B). The court held that a dismissed charge is not eligible for expungement under § 7603(e)(1)(B) if the charge was dismissed without prejudice, even if the limitations period expired, because that subsection only authorizes expungement of charges dismissed with prejudice. The court further reasoned that even if petitioner's charges had been dismissed with prejudice, expungement could not be granted under § 7603(e)(1)(B) because the State filed an objection. We conclude that § 7603(e)(1)(B) only permits expungement of charges dismissed with prejudice, and further hold

---

[4] This interpretation should not be construed to preclude a person from filing a petition requesting expungement under § 7603(e). We read § 7603(e)(2) in harmony with § 7603(g) to specify that if a charge qualifies for expungement under § 7603(e)(1) and the defendant and the State stipulate to expungement, the court shall expunge the record without the need to determine that expungement serves the interests of justice.

that the State cannot unilaterally block expungement by filing an objection. We discuss each issue in turn.

### A. Expiration of Limitations Period

¶ 29. Petitioner argues that charges dismissed without prejudice should become eligible for expungement under § 7603(e)(1) because once the limitations period of the offense expires, the dismissal operates as a dismissal with prejudice.

¶ 30. Under Vermont Rule of Criminal Procedure 48(a), the State may dismiss charges before trial. If the charge is dismissed with prejudice, the State cannot bring the charges again because dismissal with prejudice operates as an adjudication on the merits. See Dismissal with Prejudice, Black's Law Dictionary (11th ed. 2019). By contrast, if a charge is dismissed without prejudice, the State can refile the charges, but only within the limitations period of the offense. See Dismissal without Prejudice, Black's Law Dictionary (11th ed. 2019). Therefore, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs, 552 F.3d 1233, 1236 (10th Cir. 2009). In both situations, the State cannot refile the charges.

¶ 31. Nevertheless, we cannot agree that § 7603(e) permits expungement of charges dismissed without prejudice after the limitations period expires. When read as a whole, § 7603 plainly differentiates between dismissals with and without prejudice. The statute provides that charges dismissed without prejudice are to be sealed by the court within sixty days after dismissal, unless either party objects. 13 V.S.A. § 7603(a)(1)(B). Charges dismissed with prejudice, by contrast, are to be expunged by the court within sixty days after dismissal, unless either party objects. Id. § 7603(e)(1)(B). Records that are sealed under subsection (a) are to be expunged by the court eight years after they are sealed, unless either party objects. Id. § 7603(f). Thus, § 7603 provides that the records of a charge dismissed without prejudice are to be sealed within sixty days after dismissal and the sealed records are to be expunged eight years later, absent an objection in

12

the interests of justice. Had the Legislature intended for charges dismissed without prejudice to be eligible for expungement after the limitations period expired, it would have said so rather than setting an eight-year period. We presume that the Legislature used this language advisedly and intentionally distinguished between the two types of dismissals. See Richland, 2015 VT 126, ¶ 6 ("[W]e presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended." (quotation omitted)).

¶ 32. To the extent that the operation of the limitations period creates ambiguity, the legislative history of § 7603 reveals that the Legislature removed language allowing charges dismissed without prejudice to be expunged after the limitations period expires. In the 2018 amendment to § 7603, the Legislature enumerated certain events that triggered automatic sealing in subsection (a) and automatic expungement in subsection (e). Subsection (f) then provided for automatic expungement of a record sealed under subsection (a) "after the statute of limitations has expired." 2017, No. 178 (Adj. Sess.), § 2. In 2019, the Legislature again amended subsection (f), replacing the statute-of-limitations period with the eight-year period currently in force. 2019, No. 32, § 4. This change reflects the Legislature's intent to automate and align the expungement process for any charge that resulted in acquittal or dismissal rather than conviction. Depending on the offense, a charge may carry a statute of limitations ranging from three to forty years, or it may have no limitations period at all. See 13 V.S.A. § 4501 (listing limitations periods for various offenses). The 2019 amendment thus reflects the Legislature's judgment that eight years is an appropriate period for expungement of a charge that was dismissed without prejudice, regardless of the offense.

¶ 33. Given that the former version of the statute by its plain terms provided for expungement of charges dismissed without prejudice after the limitations period expired, the 2019 amendment makes plain that the Legislature intended to replace the limitations period with an eight-year period. Accordingly, both the plain language of § 7603 and its legislative history bely

petitioner's argument that a charge dismissed without prejudice is eligible for expungement under § 7603(e)(1) after the limitations period expires. Because petitioner's charges were dismissed without prejudice, the trial court properly rejected his claim for expungement under § 7603(e)(1).

### B. Effect of Objection

¶ 34. Petitioner argues that the court erred by concluding that an objection can unilaterally block expungement and contends that the court should instead determine whether expungement serves the interests of justice. The State maintains that the plain language of § 7603(e) does not require the court, upon an objection by the State, to make a finding that expungement is in the interest of justice and argues that we should not imply one.

¶ 35. The statute, however, expressly requires the court to make such a finding when a party objects to sealing or expungement. Section 7603(b) provides: "If a party objects to sealing or expunging a record pursuant to this section, the court shall schedule a hearing to determine if sealing or expunging the record serves the interests of justice." 13 V.S.A. § 7603(b) (emphasis added). By its terms, subsection (b) applies to the entirety of § 7603. Thus, reading the section as a whole, the Legislature's intent is clear. See Berard, 2019 VT 65, ¶ 12 (explaining that to determine legislative intent, we examine "not just isolated sentences or phrases, but the whole and every part of the statute"). If either party objects to expungement under § 7603(e), the court must hold a hearing under § 7603(b) to determine whether expungement serves the interests of justice. The State cannot unilaterally block expungement by objecting, and the court erred in so holding.

¶ 36. We nevertheless affirm because the Windsor criminal division correctly denied petitioner's request on the basis that dismissals without prejudice are not eligible for expungement under § 7603(e)(1)(B). Moreover, because we conclude that § 7603(e) does not apply retroactively, the court's denial of petitioner's expungement request may alternatively be affirmed on this ground. See In re Diverging Diamond Interchange Act 250, 2020 VT 98, ¶ 31, 213 Vt. 480, 247 A.3d 499 (recognizing that Court may affirm for "different reason than relied on by [trial]

court"); Gilwee v. Town of Barre, 138 Vt. 109, 111, 412 A.2d 300, 301 (1980) (explaining that Court may affirm judgment of trial court if there is "any legal ground for justifying the result"). However, we address the Windsor court's interpretation of § 7603(e) because the issues are purely legal, properly preserved, fully briefed, and it is important to provide guidance to the trial courts regarding the proper application of this statute. See Maier v. Maier, 2021 VT 88, ¶ 24, __ Vt. __, 266 A.3d 778 (exercising discretion to address questions under similar circumstances "in the name of judicial economy").

## III. Remaining Issues

¶ 37. Ultimately, we affirm both orders denying petitioner's expungement claims under 13 V.S.A. §§ 7602(a)(1)(B) and 7603(e)(1)(B). We acknowledge, however, that the State appears to concede that petitioner's misdemeanor conviction for possession of marijuana is eligible for expungement under a 2020 act in which the Legislature directed the trial courts to "order the expungement of criminal history records of violations of 18 V.S.A. § 4230(a)(1) [the marijuana-possession statute] that occurred prior to January 1, 2021, . . . [to] be completed by the court and all entities subject to the order not later than January 1, 2022," regardless of age. 2019, No. 167 (Adj. Sess.), § 31. On the record before us, it is unclear why this conviction was not expunged during this time frame. For this reason, we remand this case to the Windham criminal division to expunge any of petitioner's convictions eligible under Act 167.

¶ 38. Moreover, we are mindful that both the Windham criminal division and this Court have identified § 7603(g) as a possible path for expungement of some of petitioner's dismissed charges. We make no judgment as to the applicability of this provision, as this is a matter for the trial courts to determine in the first instance. We recognize, however, that the expungement statute bars petitioner from filing a subsequent petition for two years "unless a shorter duration is authorized by the court." 13 V.S.A. § 7605. This provision is intended, in part, to ensure that "expungement petitions do not overwhelm the courts." State v. A.P., 2021 VT 90, ¶ 18. Given

that the expungement statutes are relatively new; that petitioner filed his petitions before we issued opinions interpreting these statutes in <u>Turner</u>, 2021 VT 30 and <u>State v. A.P.</u>, 2021 VT 90; and that other avenues may be available for expungement or sealing, it appears that these circumstances may warrant a shorter period for refiling.

¶ 39.   Finally, we consider petitioner's motion to seal the appellate record, which was granted temporarily pending consideration of the merits of this appeal.  In his motion, petitioner asserted that failure to seal would publicize his legal name and criminal-history record, directly countering the purpose of expungement.  The State did not object to petitioner's request, provided that the Vermont Rules for Public Access to Court Records granted this Court authority to seal the record.

¶ 40.   This appeal consolidates several dockets, many of which were sealed by the Windham criminal division and therefore remain nonpublic.  See 13 V.S.A. § 7607 (explaining effects of sealing).  To the extent that other dockets would otherwise be accessible by the public, and because petitioner may continue to seek expungement as set forth above, we find that good cause and exceptional circumstances exist to seal the appellate record.  For this reason, we grant petitioner's request to seal.  See V.R.P.A.C.R. 9(a)(1), (5).

<u>This case is remanded to the Windham Superior Court, Criminal Division, to expunge records eligible under 2019, No. 167 (Adj. Sess.), § 31 as noted in paragraph 37; otherwise, the decisions are affirmed</u>.

FOR THE COURT:

_____

Chief Justice