**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-141



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

State of Vermont v. J.R.\*

}   APPEALED FROM:
}   Superior Court, Windham Unit,
}   Criminal Division
}   CASE NO. 24-CR-10753
Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Defendant appeals a criminal division order denying his motion to expunge.  We affirm.

In October 2024, the State charged defendant with disorderly conduct in violation of 13 V.S.A. § 1026(a)(1).  The supporting affidavit alleged that defendant unlawfully trespassed at the Academy School in September 2024 and then threatened to assault an employee assisting with school-bus pickups.  Defendant filed a motion to dismiss arguing he engaged in protected activity and that his actions did not constitute disorderly conduct as a matter of law.  The State did not respond.  The criminal division granted the motion and dismissed the case without prejudice in December 2024, concluding that defendant had asserted some elements of the charge could not be proven at trial and the State failed to respond and establish that it had substantial evidence to prove the challenged elements.  See V.R.Cr.P. 12(d)(1), (2).

In March 2025, defendant filed a motion to seal the disorderly-conduct charge.  The State did not respond.  The criminal division denied the motion to seal as moot, concluding that the matter had already been sealed by operation of law.[1]  See 13 V.S.A. § 7603(a)(1)(B) (providing that criminal-history record is sealed within sixty days after final disposition if charge is dismissed without prejudice before trial).

---

[1]  Because the criminal division indicated that the case was "sealed by operation of law," the records relating to the appeal have been made confidential and the case title has been amended to use defendant's initials instead of his name.  See 13 V.S.A. § 7607(b) (providing that once record is sealed, person is treated "as if the person had never been arrested," and in response to inquiry from public, response should be that no criminal record exists); V.R.P.A.C.R. 6(*i*) (stating that public-access status of case on appeal remains as it was in trial court).

Several days later, defendant filed a motion to expunge the charge. Defendant's motion acknowledged that defendant had been charged with other crimes since the date of the sealed charge. The State did not respond to the motion. The criminal division evaluated the motion, analyzing whether expungement would serve the interests of justice under 13 V.S.A. § 7603(g). The court concluded that the interests of justice implicated "broader concerns than the individual interests of a particular defendant," and that the court had to also consider the integrity of the justice system as a whole including the nature of the charge, petitioner's criminal history, the public's interest, and the right of access to criminal records. The court held that expungement was not in the interests of justice given that the dismissed case was related to three other pending prosecutions against defendant for unlawful trespass at the Academy School in November and December of 2024, and a violation-of-probation (VOP) charge based on the same underlying conduct. The criminal division reasoned that where there was "a direct connection between the facts alleged in this dismissed proceeding and other pending proceedings," expungement was not in the interests of justice. The court therefore denied defendant's motion to reconsider. Defendant appeals.[2]

Defendant first argues that the State's failure to respond to his expungement motion amounted to a default and should have resulted in the issuance of an expungement order as a sanction against the State. Defendant's argument is at odds with the plain language of the applicable statutory provision. See State v. E.C., 2022 VT 40, ¶ 9, 217 Vt. 116 (explaining that this Court interprets statute to effectuate legislative intent by implementing plain language). Under the statute, the court may grant the petition to expunge if expunging "serves the interests of justice" or if the parties stipulate. 13 V.S.A. § 7603(g). There is no "default" provision in the statute allowing for automatic expungement if the State does not respond. This Court "will not read something into a statute that is not there unless it is necessary to make the statute effective." In re 204 N. Ave. NOV, 2019 VT 52, ¶ 6, 210 Vt. 572 (quotation omitted). There is no need here to read a default provision into the statute because the statute provides a standard for the trial court to apply when the State does not stipulate to expungement. Therefore, we conclude that even though the State did not respond, the trial court retained an independent obligation to determine whether expungement served the interests of justice.

Defendant next contends that the court abused its discretion in finding that expungement did not serve the "interests of justice." See 13 V.S.A. § 7603(g). Although we have not directly addressed the standard for reviewing a decision regarding the interests of justice under § 7603(g), the parties agree that an abuse-of-discretion standard applies, and this Court has applied a deferential standard of review to similar types of determinations in the past. See, e.g., State v. Sauve, 164 Vt. 134, 143 (1995) (concluding that Court would review trial court's decision regarding whether to dismiss case in furtherance of justice for abuse of discretion given that "trial court is in a better position to weigh the relevant factors"). Therefore, we review the trial court's decision regarding whether expungement was in the interest of justice for an abuse of discretion.

Here, the court reasoned expungement would not serve the interests of justice because there was "a direct connection between the facts alleged in this dismissed proceeding and other

---

[2]    Defendant is self-represented in this appeal and his brief contains factual representations and allegations regarding this and other cases. We address all the arguments we can discern from his brief.

pending proceedings." Defendant claims that the related cases cited by the court are without merit and therefore this is an insufficient basis to deny his request. Defendant's arguments do not demonstrate that the court abused its discretion. The court considered several factors in its decision. Certainly, defendant had a personal interest in shielding the dismissed charge from public view, but that was already accomplished with the sealing. The trial court considered the broader impacts of expungement on the judicial system, including the nature of the charge and defendant's other criminal history. Although not cited by the trial court, we note that because defendant's charge was already sealed, it was not available to the public, but it could still be used for criminal-justice purposes. 13 V.S.A. § 7607(c) (allowing criminal-justice agency to use sealed criminal history for criminal-justice purpose). In contrast, expunged charges may not be used for such purposes. 13 V.S.A. § 7606(c)(3). Therefore, the court reasonably found that where there was a connection between defendant's dismissed, sealed case and other pending proceedings, expungement was not in the interests of justice.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

3