VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-186

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2025

State of Vermont v. Jeffrey Rivard*

} APPEALED FROM:
} Superior Court, Windham Unit,
} Criminal Division
} CASE NOS. 21-CR-04101; 20-CR-00471
Trial Judge: John Treadwell

In the above-entitled cause, the Clerk will enter:

Defendant appeals a criminal division order denying his motions to expunge convictions and dismissed charges stemming from two criminal cases.  We affirm.

Defendant's appeal concerns two criminal cases.  In 20-CR-00471, defendant was charged with leaving the scene of a crash, reckless endangerment, grossly negligent operation, and violating a condition of release (VCR).  In 21-CR-04101, defendant was charged with disorderly conduct and a VCR.  In March 2024, the court approved a plea agreement under which defendant pleaded guilty to the VCRs and the State dismissed the remaining charges.

Soon afterwards, defendant began filing a series of motions asking to either seal or expunge some or all of the dismissed charges and convictions.  Several statutory provisions are relevant to defendant's motions.[1]  First, under 13 V.S.A. § 7602(a), a person can ask to expunge or seal a criminal-history record if the offense is no longer prohibited by law or designated as a criminal offense.  Second, under 13 V.S.A. § 7602(b), a person can move to expunge or seal a criminal-history record if certain conditions are met, including that at least five years has elapsed since the date the sentence was completed.  Third, under 13 V.S.A. § 7603(e), if neither party objects, charges dismissed before trial are either sealed or expunged within sixty days, depending on whether the dismissal was with or without prejudice.

---

[1]  Sections 7602 and 7603 were amended effective July 1, 2025.  See 2025, No. 60, § 1. We reference the prior versions of the statutes applicable at the time defendant's motions were filed and the court's orders issued.  Neither party has contended that a different version should apply in this appeal.

In June 2024, defendant moved to seal the VCRs, arguing that because the accompanying charges were dismissed, the VCRs were moot. The State opposed the request, and the court denied the motion, concluding that the motion was premature because sealing or expungement required the passage of at least five years from completion of the sentence. See 13 V.S.A. § 7602(b)(1)(A) (allowing court to expunge criminal history if certain conditions are met including that completion of sentence was at least five years in past). In June 2024, the court denied defendant's motion to reconsider and noted that the dismissed counts would be sealed by operation of law under § 7603(e).

In April 2025, defendant moved to expunge the dismissed counts from case 20-CR-00471. In May 2025, defendant moved to expunge the VCR in that case, arguing that under 13 V.S.A. § 7559(e) his conduct was no longer a criminal offense and therefore the conviction should be expunged. The State opposed sealing the VCR. On May 27, 2025, the court denied defendant's motions. As to the dismissed counts, the court concluded that they would be sealed or expunged under § 7603 by operation of law and therefore defendant's motion was moot. As to the VCRs, the court denied the request, concluding that although the statutory provision regarding VCRs was recodified to a different subsection, violating conditions of release remained criminal conduct, and in any event, the conduct was also unlawful because violating a court order amounted to criminal contempt. Defendant appealed the May 27 order, which is the focus of this appeal.[2]

Defendant first contends that the court erred in denying as moot his motion to expunge the dismissed charges in the interest of justice and in not holding a hearing. We conclude that there was no error. We have previously explained that a defendant is not required to file a petition to expunge in the interest of justice where charges are subject to automatic expungement under § 7603(e). State v. E.C., 2022 VT 40, ¶ 26, 217 Vt. 116. Here, because defendant's dismissed charges were already subject to the automatic-expungement provision, they could not be expunged by motion in the interest of justice and therefore the court did not err in denying defendant's motion on mootness grounds.[3] Because the request was moot, the court acted well within its discretion in declining to have oral argument on the motion. See V.R.Cr.P. 47(b)(3) (providing that oral argument on motions is in discretion of court).

Defendant next argues that his VCR convictions should be expunged because 13 V.S.A. § 7559(e) under which he was originally charged was repealed, and his conduct was not criminal contempt under Vermont Rule of Criminal Procedure 42. See 2023, No. 138, § 5 (Adj. Sess.). When a defendant requests that a case be expunged under § 7602(a), the defendant has the burden of demonstrating that the offense is "no longer criminalized and no longer unlawful." State v. Turner, 2021 VT 30, ¶ 20, 214 Vt. 464. Here, defendant failed to make that showing. Although the language regarding violating conditions of release was moved from § 7602(e) to

---

[2] The day after defendant filed his notice of appeal, he again moved to seal to expunge his record in these cases. The criminal division denied the motions on June 4, 2025. Because that motion was submitted after the notice of appeal was filed, it is beyond the scope of this appeal, and we do not address the motion or the resulting order.

[3] We note that although the criminal division indicated that the dismissed charges were sealed automatically, not all charges in these cases have been expunged, and therefore the case file remains publicly accessible. See 13 V.S.A. § 7606(c)(2).

§ 7602(a), the statute continues to criminalize violating conditions of release. Therefore, defendant cannot meet his burden of showing that the offense is no longer criminalized. We need not address defendant's arguments regarding whether violating conditions of release also remained unlawful criminal contempt that could be directly prosecuted under Rule 42.[4]

Defendant also contends that the court erred in denying his motion to expunge the VCRs without holding a hearing. Given that there was no factual dispute regarding defendant's motion, the court acted within its discretion in denying defendant's motion without a hearing. V.R.Cr.P. 47(b)(3).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[4] A couple of days before this case was scheduled to be considered by the Court, appellant filed a motion for permission to file a supplemental brief along with a supplemental brief and a request for default. Appellant's supplemental brief essentially argues that his convictions for violating conditions of release should be expunged because the State did not object. Even if we accepted this brief, it would not impact the outcome of this appeal. The VCRs are not subject to expungement under § 7603(e) because the qualifying triggers of the statute were not met for those charges—defendant pleaded guilty. The motions to supplement and for default are denied.

3