## State of Vermont v. Frank P. Motchnik

[539 A.2d 548]

No. 86-298

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),
Specially Assigned**

Opinion Filed December 18, 1987

*Christopher A. Micciche,* Grand Isle County State's Attorney,
North Hero, for Plaintiff-Appellee.

*Thomas A. Little and Susan D. Morgenstern,* Law Clerk (On
the Brief), of *Samuelson, Portnow & Little, P.C.,* Burlington, for
Defendant-Appellant.

**Hill, J.** On August 2, 1976, defendant was charged with kid-
napping and pleaded not guilty. The state's attorney dismissed
the information on November 9, 1976. The reason for dismissal
was not stated. In 1985, defendant filed a motion in district court
to expunge the record of his arrest, but the court denied his re-
quest, claiming that it was without statutory authority to grant
the relief requested. The State neither briefed nor argued a posi-
tion. We reverse.

On appeal, defendant argues that due process requires a court,
even in the absence of statutory authority, to order that arrest
records be expunged where harm to the individual would other-
wise outweigh the state's interest in law enforcement. We agree
that "courts have recognized that they possess inherent power to
order the expunction of arrest records." *Natwig* v. *Webster,* 562
F. Supp. 225, 227 (D.R.I. 1983). However, this power is a narrow
one and its exercise should be reserved for the unusual or extreme
case. *United States* v. *Linn,* 513 F.2d 925, 927 (10th Cir.), *cert.
denied,* 423 U.S. 836 (1975).

In deciding what constitutes the unusual or extreme case, the court must balance the state's "need for the arrest record against the harm to the person arrested that results from maintaining the records." *Natwig*, 562 F. Supp. at 228. We can, therefore, lay down no all-purpose rule governing this determination, and each case must be considered individually.

On this record, we are not convinced that it is appropriate for us to expunge the arrest record of defendant. We therefore remand this matter to the district court for hearing to decide the question.

*Remanded for a hearing consistent with this opinion.*