*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-321

JULY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Cynthia Cameron | } | DOCKET NO. 1700-11-07 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a trial court order denying a motion to expunge her criminal arrest records. We affirm.

The charges against defendant arose from an incident involving a minor for whom defendant was the court-appointed guardian ad litem. The child's father, the custodial parent, had called the police to report that the child's mother failed to return the child to his custody. Based on their investigation, the police went to defendant's residence where, according to the police affidavit, defendant attempted to block their entrance and falsely stated that neither the minor nor the mother were at the residence. The police gained entry and located the child and the mother in a bathroom. Defendant later claimed that she believed the mother's allegation that the child was being molested by the father.

Defendant was initially charged, in November 2007, with being an accessory after the fact to custodial interference, and the trial court found probable cause to support the charge. About a year later, the State filed an amended information charging defendant with two additional offenses: impeding a public officer and providing false information to an officer. Following a hearing in October 2008, the court dismissed the additional charges on the basis of lack of notice. Based on the State's decision not to prosecute the mother, the State thereafter dismissed the remaining accessory charge against defendant.

Defendant filed the instant motion to expunge the arrest records in April 2010, asserting that the "incident" had caused her "lost wages" and that the arrest "was bogus." In May 2010, the trial court denied the motion in a brief entry order based on this Court's decision in State v. Motchnik, 149 Vt. 113 (1987). There, we adopted the federal rule recognizing a court's "inherent power to order the expunction of arrest records," but we cautioned that "this power is a narrow one . . . reserved for the unusual or extreme case." Id. at 113. Applying that standard, the trial court here found that defendant failed to "identify sufficient facts from which the Court could find that the instant case is an extreme or unusual one such that expunction is appropriate." The court granted defendant's subsequent motion for a hearing, heard argument on July 27, 2010, and again denied the motion, stating that "it cannot find that this is one of [the] unusual or extreme cases where it believes it appropriate to expunge the record." The court noted in this

regard that a trial court had found probable cause to support the accessory charge and that the underlying facts—which defendant did not dispute—showed that defendant had violated a "trust" stemming from her role as a court-appointed guardian ad litem. The court also found that the job-related problems and stress, which defendant claimed, were not so unusual or extreme as to justify expungement. Accordingly, the court denied the motion. This appeal followed.

As noted in United States v. Linn, one of the federal decisions on which Motchnik relied, courts have occasionally ordered expungement where the underlying arrest was unlawful or the underlying statute was unconstitutional, but only rarely in other situations, even where there has been an acquittal of the charges. 513 F.2d 925, 927-28 (10th Cir. 1975); see also Natwig v. Webster, 562 F. Supp. 225, 228 (D. R.I. 1983) (observing that courts have found expungement to be appropriate where arrest was constitutionally defective or result of entrapment, but in most other cases even acquittal is not sufficient). Thus, we can find no grounds for reversal here, where the arrest was supported by probable cause and defendant claimed nothing more unusual or extraordinary than job-related inconvenience and distress. See Linn, 513 F.2d at 928 (holding that, while defendant "was no doubt severely inconvenienced" by indictment on charges which were later dismissed or resulted in acquittal, this was insufficient to support expungement).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

2