Filed 05/13/26

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03108

---

## Jeffrey Rivard v. Windham County State's Attorney Office, et al

### DECISION AND ORDER
### REGARDING
### PLAINTIFF JEFFREY RIVARD'S MOTION TO SEAL

Plaintiff Jeffrey Rivard moves pursuant to the Vermont Rules for Public Access to Court Records to seal or redact various filings that *he* made and various filings of Defendants referencing *his* filings. This matter is one of a series of matters filed by Plaintiff in the Windham Civil Division in which he asserted wrongdoing on the part of various people and, particularly, members of the Windham County State's Attorney's Office.[1] Plaintiff's complaints purport to "invoke the court's jurisdiction to adjudicate free-floating grievances untethered from any law." *Rivard v. Town of Brattleboro*, No. 22-CV-03222, 2023 WL 8719882, *4 (Vt. Super. Ct., Windh. Civ. Div. Nov. 07, 2023) (Barra, Supr. J.), *aff'd* 2024 WL 1012380 (Vt.), *cert. denied*, 144 S. Ct. 2611 (2024). Plaintiff's actions have uniformly been dismissed and, where appealed, the judgments of this court have been affirmed.[2]

Having failed to prevail in this proceeding Plaintiff now seeks to shield his actions in litigating this matter from public scrutiny. Plaintiff alleged wrongdoing on the part of state officials in criminal proceedings. The public's interest in any proceeding related to such allegations is necessarily at a peak. Plaintiff's filings are not exempt from disclosure

---

[1] Plaintiff has engaged in a similar series of proceedings against the Town of Brattleboro and its officials and personnel. See, e.g., *Rivard v. Town of Brattleboro*, 2025 WL 3124895 (Vt. Nov. 7, 2025) (unpub. mem.); *Rivard v. Town of Brattleboro*, 2025 WL 476300 (Vt. Feb. 7, 2025) (unpub. mem.); *Rivard v. Town of Brattleboro*, 2024 WL 1012383 (Vt. Mar. 8, 2024) (unpub. mem.); *Rivard v. Town of Brattleboro*, 2024 WL 1012380 (Vt. Mar. 8, 2024) (unpub. mem.), *cert. denied*, 144 S. Ct. 2611 (2024); *Rivard v. Town of Brattleboro*, No. 22-AP-071 (Vt. March 16, 2022) (mem.) (dismissing appeal as untimely). Indeed, in a matter naming the Town of Brattleboro as a defendant, the United States District Court for the District of Vermont has barred Plaintiff "from filing any new actions [in that court] without first obtaining leave from the court." *Rivard v. Town of Brattleboro*, 2025 WL 3215625, at *3 (D. Vt. Nov. 14, 2025).
[2] See, e.g., *Rivard v. State of Vermont, et al.,* No. 25-CV-02939 (Vt. Super. Ct., Windh. Civ. Div. Sept. 9, 2025); *Rivard v. Windham State Attorney, et al.,* No. 25-CV-02411 (Vt. Super. Ct., Windh. Civ. Div. Aug. 4, 2025), *aff'd Rivard v. Windham State Attorney, et al.,* No. 25-AP-305 (Vt. Dec. 5, 2025) (unpub. mem.); *Rivard v. Windam State Attorney, et al.,* No. 24-CV-04322 (Vt. Super Ct., Windh. Civ. Div. Mar. 31, 2025) (Malone, Supr. J.), *aff'd Rivard v. Windham State Att'y*, 2025 WL 2589466, at *1 (Vt. Sept. 5, 2025) (unpub. mem.).

under the Rules, he has failed to establish exceptional circumstances and good cause for sealing his voluntary and intentional filings with the court, *and* failed to overcome the presumption of public access to records of this proceeding. Plaintiff's motion is DENIED.

A. Procedural History

On July 21, 2023, Plaintiff Jeffrey Rivard filed suit in this matter in the Windham Civil Division

> against the Windham County State's Attorney's Office, the Sheriff's Office, and Deputy State's Attorney Dana Nevins alleging malicious prosecution, misconduct, and failure to provide oversight. Among other allegations, plaintiff claimed that the State objected to requests for amendments to bail conditions, made false statements in court, overcharged him in certain criminal cases, and refused to charge for wrongs committed against him. Many of plaintiff's allegations stemmed from two criminal matters in which plaintiff was the defendant, 20-CR-471 and 1370-11-19 Wmcr. At the time plaintiff's complaint was filed, neither criminal matter was fully resolved. Plaintiff claimed that the malicious prosecution caused him invasion of privacy, defamed him, caused him mental and emotional distress, and caused him travel and medical expenses. Plaintiff sought damages and injunctive relief.

*Rivard v. Windham Cnty. State's Att'y Off.*, 2024 WL 1012374, at *1 (Vt. Mar. 8, 2024) (unpub. mem.). Defendants moved to dismiss the matter on August 28, 2023. Plaintiff filed an opposition to the motion and various supporting documents. Additionally, Plaintiff "sought to amend his complaint to include assault by the deputy state's attorney and actions against the state's attorney." *Id*. The amendment was denied by this court. *Id*. This court granted Defendants' motion and dismissed the matter.

> [T]he court concluded that the claims alleging the deputy state's attorney failed to charge or overcharged were barred by prosecutorial immunity because the decisions regarding whether to charge or what to charge were essential prosecutorial functions. ... The court also concluded that plaintiff's malicious-prosecution claim was subject to dismissal for failure to state a claim because plaintiff failed to provide evidence for an essential element—that the proceeding terminated in plaintiff's favor. As to plaintiff's allegation that the sheriff's office negligently supervised the deputy state's attorney, the court concluded that plaintiff failed to state a claim because he did not show there was a duty to supervise or any breach of such duty. The court therefore granted the motion to dismiss.

*Id*. On March 8, 2024, the Vermont Supreme Court affirmed the decision of this court dismissing the matter – "Plaintiff has failed to demonstrate any ground to disturb the judgment of the civil division." *Id*. at *2.

2

B. Plaintiff's Motion

Plaintiff now moves to seal or redact various materials that he asserts were "inadvertently filed in this matter." Motion at 1. The documents in question are Plaintiff's own filings in the case including a Notice of Appeal and Defendants' filings referencing Plaintiff's filings. Many of the filings are duplicative.[3]

Defendant seeks sealing or redaction of the following documents:

1. Portions of a statement filed by Plaintiff on July 21, 2023, in conjunction with the complaint in this matter. The relevant portion of the statement refers to the conduct of a named Defendant in this matter regarding a previously dismissed and subsequently expunged proceeding in the Criminal Division.

2. A portion of Defendants Motion to Dismiss filed on August 28, 2023, which references – obliquely – certain facts set forth in Plaintiff's July 21, 2023, statement.

3. Portions of Plaintiff's Memorandum in Opposition filed on August 30, 2023, referencing:
   a. Conduct of a named Defendant regarding a matter that Plaintiff identified in *the Memorandum in Opposition* as having been expunged;
   b. Core prosecutorial conduct by a named Defendant regarding a charging decision related to the matter addressed in paragraphs 1 and 2, above;
   c. The previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above; and,
   d. Core prosecutorial conduct by a named Defendant regarding a charging decision related to the matter addressed in paragraphs 1 and 2, above.

4. A portion of Defendants' Reply in Support of Defendants' Motion to Dismiss quoting – exactly – Plaintiff's Memorandum in Opposition. That portion being the redaction sought and referenced at paragraph 3.d., above;

5. Portions of Plaintiff's Sur-Reply filed on September 13, 2023, referencing:
   a. The previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above;
   b. Conduct of a named Defendant regarding a matter that Plaintiff identified in *the Sur-Reply* as having been expunged; and,
   c. The previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above.

6. Portions of a filing[4] Plaintiff made on September 21, 2023, apparently in opposition to the motion to dismiss and referencing:

---

[3] In light of the duplicative nature of the filings, the court rejects Plaintiff's claim that the filings were "inadvertent." Most of Plaintiff's filings were responsive to a pending motion and were clearly intended as support for Plaintiff's unsuccessful opposition to the motion.

3

a. The entire second page of an affidavit of a named Defendant in another civil proceeding filed by Plaintiff;[5]
b. The name of the adult victim and the date of birth of a child in an affidavit of probable cause from *State v. Rivard*, No. 1370-11-19 Wmcr; and,
c. The previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above.

7. A portion of a filing Plaintiff made on September 21, 2023, apparently in opposition to the motion to dismiss referencing Conditions of Release issued by the Bennington Criminal Division in the matter of *State v. Rivard*, No. 22-CR-02211.[6]

8. A portion of Plaintiff's Exhibit List filed on September 29, 2023, in opposition to the motion to dismiss referring to an incident on a specific date.

9. An entire seven-page exhibit filed by Plaintiff on September 29, 2023, in opposition to the motion to dismiss. The document consists of minutes from a meeting of the Brattleboro Citizens Police Communications Committee, portions of a document that appears to be a communication from Brattleboro Police Department to Plaintiff, a June 1, 2020, letter from DCF to Pele Rivard, portions of what appears to be a motion to dismiss filed by Plaintiff in a criminal proceeding, portions of a case summary from a criminal proceeding, and a notice of dismissal in a criminal proceeding. Many of the documents contain annotations by Plaintiff.

10. An entire six-page exhibit filed by Plaintiff on September 29, 2023, in opposition to the motion to dismiss. The document appears to be the same document as that referenced in paragraph 9, above, except it is missing on page of the minutes from the meeting of the Brattleboro Citizens Police Communications Committee.

11. Portions of a four-page exhibit filed by Plaintiff on September 29, 2023, in opposition to the motion to dismiss. The document consists of a one-page court document, an email from a named Defendant to an assigned attorney for Plaintiff, and annotated portions of case summaries from Criminal Division proceedings. Plaintiff seeks redaction of the first page – a Pretrial Services Court

---

[4] The filing included an affidavit of Susan Smallheer from the matter of *Rivard v. Smallheer, et al.*, No. 22-CV-04364, an affidavit of probable cause from the matter of *State v. Rivard*, No. 1370-11-19 Wmcr, an article from the Brattleboro Reformer referencing Plaintiff's conviction by jury of domestic assault, an email from a named Defendant to an assigned attorney for Plaintiff, one page of the case summary from *State v. Rivard*, No. 1370-11-19 Wmcr, a stipulated motion in various criminal proceedings involving Plaintiff, an Entry Order from *State v. Rivard*, No. 1370-11-19 Wmcr, and an affidavit of Plaintiff dated July 19, 2023. Many of the documents include annotations by Plaintiff.
[5] Plaintiff does not specifically reference this page as being a redaction he seeks but the proposed redacted document filed on September 27, 2025, has the page completely redacted.
[6] Plaintiff has not filed a proposed redacted version of the document. It is, however, undoubtedly a copy of an actual court record and order issued in that matter on March 22, 2022.

4

Order Report from a criminal proceeding, of annotations he made to a portion of the case summary from *State v. Rivard*, No. 1370-11-19 Wmcr, and a portion of a case summary from the previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above.

12. Portions of an eleven-page exhibit filed by Plaintiff on September 29, 2023, in opposition to the motion to dismiss. The documents consists of copies of the State's Exhibit List from *State v. Rivard*, No. 1370-11-19 Wmcr, the Information from the same case, an article from the Brattleboro Reformer referencing Plaintiff's conviction by a jury in that matter, and Entry Order from the same matter, an affidavit of Susan Smallheer in the matter of *Rivard v. Smallheer, et al.*, No. 22-CV-04364, and an affidavit of probable cause from *State v. Rivard*, No. 1370-11-19 Wmcr. Many of the documents contain Plaintiff's annotations. Plaintiff seeks redaction of the name of the adult victim in the State's Information and the name of the adult victim and the date of birth of a child in the affidavit of probable cause.

13. Portions of Plaintiff's Notice of Appeal filed on November September 20, 2023, referencing the previously dismissed and subsequently expunged proceeding in the Criminal Division addressed in paragraphs 1 and 2, above.

14. Portions of the Appeal Volume including those records Plaintiff seeks to have redacted referenced above.

Plaintiff argued that the interests to be protected by redaction were:

the privacy of expunged and sealed records; the safety and security of the putative alleged victim[7] and other private individuals; protection of identity information including birth dates and other unique identifiers; the rehabilitative and reintegration objectives served by sealing and expungement; and statutory confidentiality of Low-Income Waiver materials.

Motion at 1. Plaintiff asserted that public disclosure of the unredacted or unsealed materials would:

(a) undermine the remedial purposes of prior sealing/expungement; (b) expose the putative alleged victim[8] and other private individuals to harassment, retaliation, or identity theft; (c) reveal sensitive financial and identifying information contained in Low Income Waiver materials; and

---

[7] The "putative alleged victim" is Plaintiff's wife – the victim in the matter of *State v. Rivard*, No. 1370-11-19 Wmcr, where a jury found Plaintiff guilty of domestic assault in violation of 13 V.S.A. § 1042. *State v. Rivard*, 2024 WL 2131487 (Vt. May 10, 2024).

[8] Again, the "putative alleged victim" is Plaintiff's wife – the victim in the matter of *State v. Rivard*, No. 1370-11-19 Wmcr, where a jury found Plaintiff guilty of domestic assault in violation of 13 V.S.A. § 1042.

(d) defeat the statutory confidentiality that the sealing and waiver processes are intended to provide.

Motion at 3.

On January 5, 2026, this court issued an order setting the matter for hearing and noting

> [t]he records in questions relate directly to litigating the merits of Plaintiff's claims of misconduct by various state actors. The public's interest in such records and such litigation is at its apogee. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). Based solely on Plaintiff's filings this court cannot make the finding of good cause for granting the motion and, thus, Plaintiff's motion is set for a hearing. The hearing will be held "in accordance" with V.R.P.A.C.R. 9(a)(4)-(5).

See January 5, 2026, Entry Regarding Motion. At a February 2, 2026, motion hearing Plaintiff appeared representing himself and made argument in support of his motion.[9] Defendants were represented by Assistant Attorney General David Groff who took no position on Plaintiff's motion.

## C. The Rules for Public Access to Court Records

"'Every court has supervisory power over its own records and files.' In exercise of this authority, th[e] Court adopted Rules for Public Access to Court Records in 2001." *In re VSP-TK / 1-16-18 Shooting*, 2019 VT 47, ¶ 11 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Those Rules "cover the complementary responsibilities to provide public access or special access to judicial-branch records and to protect the confidentiality of case information where such confidentiality is required by statute, rule, or court order." V.R.P.A.C.R. 1. As another Unit of the Civil Division has stated,

> [t]he hallmark of an effective judicial system is transparency. As Justice Brandeis famously wrote: "Sunlight is said to be the best of disinfectants." Louis D. Brandeis, *What Publicity Can Do, Harper's Weekly*, Vol. 58 (Dec. 20, 1913). In accord with those principles, the overarching guidance of the V.R.P.A.C.R. is that the "public has access to all judicial-branch case records, in accordance with the provisions of this rule, except as provided in Rule 6(b)." V.R.P.A.C.R. 6(a); *see also* V.R.P.A.C.R. 3(a) ("Except as provided in these rules or in statute, the public may inspect or copy all judicial-branch case and administrative records."). Rule 6(b) itemizes particular exemptions from access.

---

[9] Plaintiff withdrew his request to seal applications to proceed in forma pauperis noting that these were properly treated in the case as nonpublic under the Vermont Rules for Public Access to Court Records.

> Rule 9 provides the procedure for limiting access to case records through a process of sealing. Potential bases for limiting access under Rule 9 are not limited to the exemptions at Rule 6(b). Rather, a party can support a requested redaction with reference to "any statute, administrative or court rule, court order or precedential decision providing for confidentiality with respect to the identified privacy interest(s)." V.R.P.A.C.R. 9(a)(3)(C); *see In re Sealed Documents*, 172 Vt. 152, 160 (2001) (noting common-law authority granted courts to seal records). To determine whether to seal, the Court employs the rigorous standards described in *In re Sealed Documents* and related case law. *See* Reporter's Notes (original and 2022 amendment), V.R.P.A.C.R. 9.
>
> Any request to seal faces a high bar. The Court must find "by clear and convincing evidence, that good cause and exceptional circumstances exist for the restriction of public access." V.R.P.A.C.R. 9(a)(5). And any seal must be implemented in the "least restrictive" manner possible. V.R.P.A.C.R. 9(a)(5)(a). Those terms are further reinforced and defined by the strong constitutional right of access to court records set out in cases such as *State v. Densmore*, 160 Vt. 131, 133–35 (1993). *See also Press-Enterprise Co. v. Super. Ct. of Cal.*, 478 U.S. 1, 13–14 (1986) (sealing must be "essential to preserve higher values and … narrowly tailored to serve that interest" (citation omitted)).

*State v. TikTok Inc.*, No. 24-CV-03984, 2025 WL 1862602, at *1–2 (Vt. Super. Ct., Wash. Civ. Div. Mar. 25, 2025) (Tomasi, Supr. J.). Thus, absent an applicable exception to access pursuant to V.R.P.A.C.R. 6(b), it is Plaintiff's burden to establish grounds to seal or redact pursuant to Rule 9.

"The public has access to all judicial-branch case records … except as provided in subdivision (b)." V.R.P.A.C.R. 6(a); *State v. TikTok Inc.*, *supra*. A "case record" is "any judicial-branch record pertaining to a case or controversy." V.R.P.A.C.R. 2(d).

> The public does not have access to the following judicial-branch case records.
> > (1) Records and information which by statute, court rule, or other source of law, including by order of the court, are designated confidential, sealed, or expunged, or to which access is prohibited by a similar term.
> > …
> > (5) Information obtained from a person during his or her risk assessment or needs screening pursuant to 13 V.S.A. § 7554c.
> > …
> > (8) The following personally identifying information filed in a case record that is otherwise publicly accessible under these rules: (i) A social security number; (ii) A passport number; (iii) A taxpayer identification number; (iv) A financial account number, including a

credit or debit card number; or (v) In a criminal case, the name of an alleged victim, who was a minor on the date of the offense.

V.R.P.A.C.R. 6(b).

Pursuant to Rule 9, "the court may in a particular case seal from public access an otherwise public court record, or may redact information from or seal a portion of a public record." V.R.P.A.C.R. 9(a)(1). A motion to seal or redact "may be made by a party to a case, an individual about whom information is present in the case record, or the court on its own motion." V.R.P.A.C.R. 9(a)(3). The motion must:

(A) Identify the particular filing, case record or portions that the movant seeks to seal or redact, with as much specificity as possible;
(B) Identify the particular interest(s) that are sought to be protected with as much specificity as possible;
(C) State any authority that supports an order for sealing or redaction, that is, the statute, administrative or court rule, court order or precedential decision providing for confidentiality with respect to the identified privacy interest(s);
(D) If appropriate, attach redacted and unredacted copies of the record(s) in issue that clearly identify the information which the movant seeks to exclude from public access; and
(E) Confirm that service has been made on all parties and on any other individual or entity, if other than the movant, who is the subject of the information contained in the filing, court record, or other records that are the subject of the motion.

*Id*. The Rule establishes separate procedures for such motions depending upon whether the motion is opposed or not. Compare Rule 9(a)(4)-(5) with 9(b). This court has previously determined that Plaintiff's filings alone did not establish good cause for granting the motion without hearing. See January 5, 2026, Entry Regarding Motion. The procedures in Rule 9(a)(4)-(5) apply to this proceeding. Plaintiff bore the burden of "establishing the required grounds for sealing or redacting ... [the] existing court record[s] by clear and convincing evidence." Rule 9(a)(4)(B). Clear and convincing evidence is "a substantial evidentiary burden" and "not an easy one for [a moving party] to sustain." *State v. Hosten*, 2026 WL 253322, at *5 (Vt. Jan. 30, 2026) (unpub. mem). See also *State v. Weaver*, 2015 VT 35, ¶ 22 (mem.) (explaining that clear-and-convincing-evidence standard requires "proof that the existence of a contested fact is highly probable rather than merely more probable than not"). An order to seal or redact a court record

may be issued only upon specific findings, by clear and convincing evidence, that good cause and exceptional circumstances exist for the restriction of public access to, or the sealing or redaction of the subject record(s), in accordance with applicable constitutional, common law, or statutory authority.

8

V.R.P.A.C.R. 9(a)(5)(A). Additionally, this court must also "find that no reasonable alternative to the sealing or redaction exists, and that the least restrictive means have been employed to preserve maximum public access and to protect the specific interests found to justify sealing or redaction of the … case record." *Id*. at 9(a)5)(B). The Court has applied this standard in various circumstances and emphasized the burden. Thus, the Court has held that the good cause and exceptional circumstances standard is "practically indistinguishable from the 'specificity' of harm presented by disclosure of particular documents, and that harm's 'substantial threat … to … effective law enforcement' amounting to a 'compelling need for confidentiality' demanded by [*In re Sealed Documents*, 172 Vt. 152, 163 (2001)] as a precondition to an order to seal." *In re Essex Search Warrants*, 2012 VT 92, ¶ 19. See also, *In re Search Warrants*, 2011 VT 88, ¶ 6 (Dooley, J., dissenting). In *State v. E.C.*, 2022 VT 40, the Court granted a motion to seal the appellate record finding good cause and exceptional circumstances where "petitioner asserted that failure to seal would publicize his legal name and criminal-history record, directly countering the purpose of expungement." *Id*. at ¶ 39.

    D. Statutory and common law sealing or expungement of records of criminal proceedings

The Legislature has provided a statutory mechanism for sealing[10] criminal history records. 13 V.S.A. § 7601, *et seq*.[11] As the Vermont Supreme Court has stated

---

[10] And, in limited circumstances, expunging such records. 13 V.S.A. § 7602(a)(1). Before July 1, 2025, expungement was more broadly available under both 13 V.S.A. § 7602 and § 7603. Pursuant to the then-existing version of 13 V.S.A. § 7602,

    [a] person may file a petition with the court requesting expungement or sealing of the criminal history record related to the conviction if:
        (A) the person was convicted of a qualifying crime or qualifying crimes arising out of the same incident or occurrence;
        (B) the person was convicted of an offense for which the underlying conduct is no longer prohibited by law or designated as a criminal offense
        ….

13 V.S.A. § 7602(a)(1). Expungement of criminal history records regarding convictions for qualifying crimes could be had pursuant to 13 V.S.A. § 7602(b) and (c). Additionally, 13 V.S.A. § 7603 provided for the sealing and/or expungement of dismissed cases. As of July 1, 2018, § 7603(a) provided for sealing of a criminal history record 12 months after dismissal without prejudice before trial unless "either party objects in the interests of justice." Similarly, pursuant to subsection (e) the statute provided for expungement of the criminal history record within 45 days after final disposition if a charge was dismissed with prejudice before trial. Both options were time-limited based on specific events occurring – dismissal with or without prejudice. Additionally, pursuant to 13 V.S.A. § 7603(g), a person could seek an order to "seal or expunge at any time" and the court could grant such a motion if it found that sealing or expungement was in the interests of justice. Subsection (g) provided a remedy for persons not otherwise able to obtain sealing or expungement under either subsection (a) or (e) of the statute. *State v. E.C.*, 2022 VT 40, ¶ 25. Effective July 1, 2019, the timelines for court action under subsections (a) and (e) were amended to 60 days. Thus, the statute provided for sealing of a criminal history record within 60 days of a dismissal without prejudice and expungement of a criminal history record within 60 days of dismissal with prejudice unless "either party objects in the interests of justice." As of July 1, 2025, only sealing was available pursuant to 13 V.S.A. § 7603.

In interpreting a statute, our goal is to "identify and implement the Legislature's intent." *State v. Hinton*, 2020 VT 68, ¶ 11. "We start with the plain language of the statute, and if the meaning is clear, we will enforce it according to its terms." *State v. Richland*, 2015 VT 126, ¶ 6. If the language is ambiguous, "we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." *State v. Berard*, 2019 VT 65, ¶ 12.

*State v. E.C.*, 2022 VT 40, ¶ 9. See also *State v. A.P.*, 2021 VT 90, ¶ 12. Pursuant to 13 V.S.A. § 7603(g),

[a] person may file a petition with the court requesting sealing of a criminal history record related to the citation or arrest of the person at any time. The court shall grant the petition and issue an order sealing the record if it finds that sealing the record serves the interests of justice, or if the parties stipulate to sealing of the record.

*Id.* "Criminal history record" is defined for purposes of 13 V.S.A. § 7603 – the term "means *all information documenting an individual's contact with the criminal justice system*, including data regarding identification, arrest or citation, arraignment, judicial disposition, custody, and supervision." 13 V.S.A. § 7601(2) (emphasis supplied). In the context of a 13 V.S.A. § 7603, these are "*all records* generated from an arrest or citation that does not result in conviction." *State v. A.P.*, 2021 VT 90, ¶ 16 (emphasis supplied). In this context, "records" must be understood to refer to government records of the event in question. Law enforcement incident reports, prosecutorial filings and court documents directly related to such filings *document* an individual's contact with the criminal justice system. Other documents regarding a particular event do not document such events. For example, press reports of an arrest, citation or arraignment cannot be understood to *document* the event within the meaning of the statute. Similarly, the filing of records from a criminal proceeding or referencing a criminal proceeding into a proceeding in the civil division do not *document* the underlying event. Stated another way, the court considers the Legislature's use of the term "documenting" advisedly. The Legislature did not define criminal history record to mean records *referencing* an individual's contact with the criminal justice system. The term "documenting" limits the scope of criminal history records to governmental records setting forth the events within and history of proceedings *directly* related to contact with the system.

Pursuant to 13 V.S.A. § 7606(a), when a trial court finds that the basis for expungement is met, "the court shall issue an order that shall include provisions that its effect is to annul the record of the arrest, conviction, and sentence and that such person shall be treated in all respects as if the person had never been arrested, convicted, or sentenced for the offense." The court provides notice of "expungement to the respondent, Vermont Crime Information Center (VCIC), the arresting agency, the Restitution Unit of the

---

[11] The Vermont Supreme Court has noted language in certain subsections of these statutes is not "a model of clarity ...." *State v. Turner*, 2021 VT 30, ¶¶ 9 and 20.

Vermont Center for Crime Victim Services, and *any other entity that may have a record related to the order to expunge.*" *Id.* (emphasis supplied). Upon issuing an order to seal,

> the court shall send a copy of any order sealing a criminal history record to all of the parties and attorneys representing the parties, including to the prosecuting agency that prosecuted the offense, the Vermont Crime Information Center (VCIC), the arresting agency, and any other Vermont State entity identified by the petitioner that may have a record subject to the sealing order.

13 V.S.A. § 7607(a). Whether the order was to seal or to expunge, the effect was that the person "shall be treated in all respects as if the person had never been arrested, convicted, or sentenced for the offense." 13 V.S.A. §§ 7606(b)(1) & 7607(b)(1).

The purpose of Chapter 230 of Title 13 is clear – "expungement laws are intended to reach prior criminal-history records and relieve individuals from the stigma those records carry." *State v. E.C.*, 2022 VT 40, ¶ 24. There is a tension between such laws and the public's right of access to criminal court proceedings and records. *Paff v. Borough of Gibbsboro*, 2013 WL 2922374, at *7 (N.J. Super. Ct. App. Div. June 17, 2013). These competing policy concerns are properly within the purview of the Legislature. *Mobile Press Reg., Inc. v. Lackey*, 938 So. 2d 398, 403 (Ala. 2006). "Expungement is not a *right* but a statutory *privilege* – a privilege the General Assembly has no obligation to provide at all and which it may therefore provide subject to conditions that our Courts are not at liberty to ignore." *Fisher v. Commonwealth*, 599 S.W.3d 890, 893 (Ky. Ct. App. 2020) (emphasis in original and footnote omitted).

In addition to the statutory right to sealing or expungement of criminal history records, the Court has stated that

> "courts have recognized that they possess inherent power to order the expunction of arrest records." *Natwig v. Webster,* 562 F.Supp. 225, 227 (D.R.I.1983). However, this power is a narrow one and its exercise should be reserved for the unusual or extreme case. *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.), *cert. denied,* 423 U.S. 836 (1975).

> In deciding what constitutes the unusual or extreme case, the court must balance the state's "need for the arrest record against the harm to the person arrested that results from maintaining the records." *Natwig,* 562 F.Supp. at 228. We can, therefore, lay down no all-purpose rule governing this determination, and each case must be considered individually.

*State v. Motchnik*, 149 Vt. 113, 113-14 (1987). Thus, under unusual or extreme circumstances the court may order expungement of records absent statutory authority. The Court has not extended this authority beyond pre-conviction arrest records. *State v. Forney*, 2009 WL 2427753, at *2 (Vt. Apr. 15, 2009) (unpub.). See also, *In re Guardianship of A.S.*, 2012 VT 70, ¶ 28 n. 7 (Dooley, J., concurring) ("there is a split of authority on whether state courts have the inherent authority to expunge judicial

records, and, if so, under what circumstances"); *State v. Cameron*, 2011 WL 4977693, at *2 (Vt. July 7, 2011) (unpub. mem.) (noting that *United States v. Linn* noted that "courts have occasionally ordered expungement where the underlying arrest was unlawful or the underlying statute was unconstitutional, but only rarely in other situations, even where there has been an acquittal of the charges"); *State v. Huminski*, 2007 WL 5313361, at *2 (Vt. Nov. 2007) (unpub. mem.) ("the trial court has inherent power to expunge the record …"). Thus, a trial court's inherent power to expunge records is narrow. Other courts have recognized the narrow scope of the judiciary's inherent authority to order expungement of its own records and the issues associated with the exercise of such authority. See, e.g., *Farmer v. State, Dep't of L., Off. of Atty. Gen.*, 235 P.3d 1012, 1015 (Alaska 2010) ("even if Alaska courts have inherent authority to expunge, judicial expungement of criminal records should be an exceptional or extraordinary remedy rather than a generally available one"); *State v. T.M.B.*, 590 N.W.2d 809, 812 (Minn. Ct. App.1999), *rev. denied* (Minn. June 16, 1999) ("absent evidence that executive agents abused their discretion in the performance of a governmental function, the judiciary may not interfere with the executive's record-keeping function by ordering the expungement of its records"); *Toth v. Albuquerque Police Dep't,* 944 P.2d 285, 287 (N.M. Ct. App.1997) (holding that if inherent judicial authority to expunge criminal records exists at all, it must "be exercised sparingly and only in extraordinary circumstances"); *Bradford v. Mahan*, 548 P.2d 1223, 1231 (Kan. 1976) ("expungement or correction of police reports should be limited to cases involving extreme circumstances where such relief is necessary and appropriate to preserve basic legal rights, where for example arrests or false reports are made without probable cause for purposes of harassment and under circumstances which constitute police misconduct").

E.  The public's interest in court proceedings

The public has a substantial right of access to records of court proceedings.

> In *Press-Enterprise Co. v. Superior Court of California* the United States Supreme Court determined that a qualified First Amendment right of access attaches when (1) the place and process have historically been open to the press and public, and (2) public access plays a significant, positive role in the functioning of the particular process in question. 478 U.S. 1, 8 (1986).

*State v. Whitney*, 2005 VT 102, ¶ 19 (Skoglund, J., dissenting). See also *State v. Koch*, 169 Vt. 109, 112 (1999); *State v. LaBounty*, 167 Vt. 25, 29 (1997); *State v. Densmore*, 160 Vt. 131, 133 (1993). Various courts have stated that

> [t]he public's exercise of its common law access right [to court records and proceedings] … promotes public confidence in the judicial system …. As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*United States v. Smith*, 123 F.3d 140, 155–56 (3d Cir. 1997). See also *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (same); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (same); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991) (same); *Danielson v. Tropical Shipping & Constr. Co.*, 2016 WL 715744, at *1 (D.V.I. Feb. 22, 2016) (same); *Castellano v. Young & Rubicam, Inc.*, 1999 WL 714063, at *1 (S.D.N.Y. Sept. 14, 1999) (same); *Manufacturers & Traders Trust Co. v. Client Server Direct, Inc.*, 156 A.D.3d 1364, 1365, 68 N.Y.S.3d 280 (N.Y. App. Div. 2017) (same); *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 6–7, 711 N.Y.S.2d 419, 423–24 (N.Y. App. Div. 2000) (same).

Thus, the public has a "strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This interest is not solely an interest in the outcome of litigation.

> Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including antitrust cases—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, the public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions.

*Id*. The public's interest in the subject matter of litigation is directly relevant to the presumption of access – the greater the interest, the greater the showing necessary to overcome the presumption, and the lesser the interest, the lesser the showing that is necessary. *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017). There is strong public interest in materials filed in connection with dispositive motions, "in the manner in which criminal cases are conducted, and in particular with respect to the handling of any allegations of prosecutorial misconduct." *United States v. Adams*, 2025 WL 844340, at *2 (S.D.N.Y. Mar. 18, 2025) (citation omitted). This interest exists even if the materials "ultimately contain no findings or additional evidence of government misconduct." *Id*. Fundamentally, when the subject matter of the proceeding involves allegations of official misconduct, the public's interest is at its apogee. *Gutierrez v. Benavides*, 292 F.R.D. 401, 405 (S.D. Tex. 2013) ("the public's interest in records indicating official misconduct, abuse of power, or constitutional violations by Defendants is particularly legitimate and important"). See also *Rutland Herald v. City of Rutland*, 2012 VT 26, ¶ 41 ("'it *is* in the public interest to enable any person to review and criticize' decisions of government officers." (Quoting 1 V.S.A. § 315)).

F. The records will not be sealed or redacted

This is not a request to seal or redact materials related to a discovery dispute in this proceeding. Here, Plaintiff filed numerous documents in response to Defendants' motion to dismiss – a dispositive motion. The court issued a merits ruling dismissing this proceeding after "carefully review[ing] each of plaintiff's claims." *Rivard v. Windham Cnty. State's Att'y Off.*, 2024 WL 1012374, at *1. Having failed to prevail on the motion, failed to prevail on appeal, and after waiting for more than 18 months since the judgment in this matter became final, Plaintiff now seeks to seal or redact (1) records relevant to this proceeding *that he filed in the case*, and (2) documents filed by Defendants quoting Plaintiff's filings in seeking dismissal.

The court must first determine whether the records in question are "case records." They are. The records consist of filings by the parties to this proceeding. Next, the court must determine whether any of the records are exempt pursuant to Rule 6(b).

Three exemptions are potentially applicable to the arguments Plaintiff makes – although he fails to cite any of these exceptions. Two are resolved simply as being inapplicable. The third presents a more substantial question.

First, Plaintiff claims that his pleadings disclose exempt personally identifying information. Particularly, Plaintiff asserts that the name of the victim of the domestic assault he committed and the date of birth of a child referenced in an affidavit of probable cause must be redacted. Rule 6(b)(8) defines personally identifying information that is exempt from disclosure as a case record. The information Plaintiff seeks to redact is not subject to exemption under this subdivision. Second, Plaintiff seeks sealing of a Pretrial Services Court Order from a Criminal Division proceeding. The Rules exempt case records that disclose "information obtained from a person during his or her risk assessment or needs screening pursuant to 13 V.S.A. § 7554c." V.R.P.A.C.R. 6(b)(5). The form in question does not disclose such information.

Finally, Rule 6(b)(1) provides that records "which by statute, court rule, or … order of the court, are designated confidential, sealed, or expunged" are exempt. The undisputed record establishes that portions of the documents filed by Plaintiff refer to matters that are expunged or sealed pursuant to Chapter 230 of Title 13 or are documents from proceedings subject to sealing or expungement orders under those statutes. However, the records here are filings made by Plaintiff in this civil proceeding and Defendants' responses to those filings that reference or quote Plaintiff's filings. The court concludes that no provision of Chapter 230 exempts records in this proceeding pursuant to Rule 6(b)(1). As noted, the purpose of Chapter 230 is to "reach prior criminal-history records and relieve individuals from the stigma those records carry." *State v. E.C.*, 2022 VT 40, ¶ 24. Here, the documents are Plaintiff's filings in a civil action he brought against various parties. These documents were supporting evidence for Plaintiff's claims of actionable misconduct against the State. While the documents may derive from matters related to Plaintiff's contact with the criminal justice system, Plaintiff seeks to use them for an unrelated purpose – to seek damages against certain named Defendants. The filings do not document Plaintiff's contact with the criminal justice system. See 13 V.S.A. § 7601(2). Plaintiff's pleadings do not clearly establish the status of the documents at the time he filed them with the court. This court concludes, however, that this is irrelevant.

Plaintiff filed this action and is entitled to litigate the matter in the way he wishes – providing that there may be limitations on filing statutorily confidential materials. The sealing and expungement statutes do not prohibit the subject of those records from acknowledging the fact of a prior conviction or prior criminal history record. Plaintiff filed various documents referring to proceedings that were later sealed or expunged. That was his choice. The Rules for Public Access to Court Records establishes procedures for filing documents under seal. Plaintiff did not seek to do so. Plaintiff also filed pleadings expressly referring to matters that he asserted had already been expunged. Again, that was his choice. Plaintiff seeks to redact Defendants' filings that reference and quote his own filings in this matter. Defendants should not be limited in referencing an opposing party's public filings in a matter.[12] Additionally, this proceeding does not result in the creation of a "criminal history record." Unlike proceedings in the Criminal Division and VCIC records, there is no stigma inherent in the records of this matter. Finally, application of Rule 6(b)(1) in these circumstances creates complex records management issues that cannot have been intended by the Legislature. Neither 13 V.S.A. § 7606 nor § 7607 expressly require that a court issue an order to the Judiciary to seal or expunge records in other proceedings that may refer to a sealed or expunged proceeding. To find such a requirement in Rule 6(b)(1) would require the trial courts to track filings from or referencing proceedings in the Criminal Division into any other Division. This would be an unreasonable and irrational application of the Rule. The court concludes that none of the relevant documents are exempt case records.

Plaintiff, therefore, bears the burden of demonstrating by clear and convincing evidence that the records in question should be sealed or redacted. Plaintiff's motion generally complies with the requirements of V.R.P.A.C.R. 9(a)(3). However, Plaintiff has not met his burden to establish that good cause and exceptional circumstances justifying sealing or redacting the documents in question.

Plaintiff presents several arguments as to the interests to be protected by sealing or expungement. The arguments lack merit. First, Plaintiff refers to the "privacy of expunged and sealed records." The records in question were filed by Plaintiff. To the extent that any privacy rights are implicated, Plaintiff's decision to file the records waived such a claim. Second, Plaintiff argues that "the safety and security of the putative alleged victim and other private individuals" justify sealing. Plaintiff cannot assert the rights of others. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988) ("[g]enerally, litigants … are barred from asserting the constitutional and statutory rights of others in an effort to obtain relief for injury to themselves"); V.R.P.A.C.R. 9(a)(2).[13] Additionally, the victim in question is the victim of a domestic assault for which he was convicted and sentenced. *State v. Rivard*, 2025 WL 1355839 (Vt. May 9, 2025) (unpub. mem.) (affirming denial of sentence reconsideration); *State v. Rivard*,

---

[12] Again, acknowledging that statutory confidentiality might be implicated in certain circumstances but is not here.

[13] This subdivision of the Rule states that "A motion to seal or redact a new court filing and materials associated therewith, or an existing public case record, or information contained within the filing or in the public case record, may be made by a party to a case, an individual about whom information is present in the case record, or the court on its own motion." V.R.P.A.C.R. 9(a)(2).

2024 WL 2131487 (Vt. May 10, 2024) (affirming conviction on direct appeal). Finally, Plaintiff identifies the "rehabilitative and reintegration objectives served by sealing and expungement" as grounds for relief. As noted, sealing and expungement are statutory remedies. Plaintiff does not present any compelling or meaningful argument explaining how extending such relief to documents Plaintiff filed in a civil proceeding are remotely relevant to rehabilitation and reintegration.

Plaintiff identifies various harms flowing from public access to the documents in question – documents that have been publicly accessible for more than two years. These arguments are unavailing for many of the same reasons that Plaintiff's arguments as to the alleged interests to be protected by sealing or expungement are unpersuasive. First, the assertion that public access to documents in a dismissed civil proceeding would otherwise "undermine the remedial purposes" of orders to seal or expunge records in a criminal proceeding is not persuasive. The documents in question are fundamentally tangential references to Criminal Division proceedings that are inaccessible. The documents are not the basis for any official government record documenting Plaintiff's contact with the criminal justice system. Plaintiff's attempt to shield the identity of his victim is inconsistent with an acceptance of responsibility – which is directly relevant to rehabilitation. *State v. Baird*, 2006 VT 86, ¶ 40. Second, identifying adult victims or witnesses in other criminal proceedings does not "expose [those persons] … to harassment, retaliation, or identity theft." Finally, as noted above, the statutory sealing and expungement process does not reach filings in civil proceedings such as this.

The public's interest is at its highest in proceedings where misconduct or wrongdoing of government officials is alleged. Plaintiff has alleged that various members of the Windham County State's Attorney's Office and others have engaged in substantial misconduct in the investigation and prosecution of criminal matters in which he was and is a defendant. While Plaintiff's various claims against the State have all – to date – been dismissed, that does not vitiate the public's interest in proceedings where such allegations are made.

"The right of access is grounded primarily in the need for scrutiny of the legal process, not simply in the public's desire to learn more about the deeds and misdeeds of the parties." *Mokhiber v. Davis*, 537 A.2d 1100, 1110 (D.C. 1988). Scrutiny of the legal process in a matter involving allegations of prosecutorial misconduct is paramount. Plaintiff's claims of misconduct and Defendants responses are of the highest public interest. Plaintiff's attempt to shroud his claims and litigation strategy must be substantially disfavored. Plaintiff has failed to establish by clear and convincing evidence that good cause and exceptional circumstances exist for the restriction of public access to the documents in question.

**ORDER**

Plaintiff Jeffrey Rivard's Motion to Seal (Index # 7) is DENIED.

Electronically signed: 5/12/2026 7:27:06 PM pursuant to V.R.E.F. 9(d)

John R. Treadwell
Superior Court Judge